UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



DEC 22 2017

CLERK

| | |
|---|---|
| MARLON TROY DUMARCE,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA/ROBERTS COUNTY,<br><br>Respondent. | 1:17-CV-01015-CBK<br><br><br>ORDER |

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging constitutional violations in connection with his March 16, 2017, conviction and sentence in the Fifth Judicial District, Roberts County, South Dakota. He asserts that counsel was ineffective, *inter alia,* in failing to investigate and pursue his claim that the police officer who initially stopped him and subsequently arrested him for ingestion lacked jurisdiction to do so. These claims were the subject of his § 1983 claim in CIV 16-10047. That matter was dismissed as frivolous.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires petitioner to exhaust available state court remedies prior to seeking federal habeas corpus. 28 U.S.C. § 2254(b)(1)(A), Sasser v. Hobbs, 735 F.3d 833, 842 (8th Cir. 2013). "The exhaustion requirement has as its purpose giving state courts 'the first opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts.'" Smittie v. Lockhart, 843 F.2d 295, 296-97 (8th Cir. 1988). A state court habeas remedy is available to plaintiff pursuant to SDCL 21-27-1. The petition does not show that petitioner has in fact exhausted his state court habeas remedies. Indeed, given the fact that he filed this petition less than three months after his guilty plea and sentencing, he has not even exhausted his state court right to appeal his conviction and sentence. Pursuant to 28 U.S.C. § 2254(b), the petition must be dismissed without prejudice to allow petitioner an opportunity to exhaust his state court remedies.

Now, therefore,

IT IS ORDERED that the petition for a writ of habeas corpus is denied without prejudice for failure to exhaust state court remedies. The motion, Doc. 2, for leave to proceed *in forma pauperis* is denied as moot.

DATED this 21st day of December, 2017.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge